UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HELEN SWARTZ, Individually,

    Plaintiff,

vs.       Case No.:

11-11 LIC DEVELOPMENT, LLC,
a New York Limited Liability Company,

    Defendant.

---

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 11-11 LIC DEVELOPMENT, LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for damages pursuant to N.Y. Exec. Law Section 296, et seq. and New York Civil Rights Law § 40, et seq.

## **COUNT I**

1. Defendant's property, Wingate by Windham, is located at 38-70 12th Street, Long Island City, NY, in the County of Queens.

2. Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

    4.    Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

Helen Swartz was born and raised in New York City and visits on an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores. Her younger daughter lives and works in Greenwich Village, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City. When Ms. Swartz is in New York City her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

Helen Swartz was a guest of the subject hotel on October 7, and plans to return to the property from April 27 through April 28, 2023, to meet with her uncle and cousins, who live in Astoria. She will be meeting a second cousin for the first time. They will enjoy dinner at a Greek restaurant. The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

    5.    Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Wingate by Windham, and is located at 38-70 12th Street, Long Island City, NY.

6.      Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz has visited the subject property and desires to visit Wingate by Windham in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.      The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Wingate by Windham has shown that violations exist. These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include but are not limited to:

### Maintenance

a. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### Accessible Parking

b. The accessible parking stall is missing compliant signage with the required international symbol of accessibility making it difficult for the plaintiff to identify it as the accessible parking space, in violation of sections 216.5, 502.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

c. The access aisle does not adjoin an accessible route as required making it difficult for the plaintiff to traverse to the entrance, in violation of sections 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route

d. The facility does not provide a compliant accessible route within the site from the accessible parking spaces to the facility entrances they serve making it difficult for Plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The outdoor mat located at the main lobby entrance is not securely attached to the floor and ground surface as required making it difficult for the plaintiff to traverse the property, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Dining Area

f. The dining area does not provide at least 5% of compliant seating at the tables as required making it difficult for the plaintiff to utilize the tables, in violation of section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

g. The tables do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Common Lobby Area

h. The computer desk in the lobby area does not provide compliant knee clearance 27 inches above the finish floor to the bottom of the desk apron for a forward approach as required, making it difficult for the plaintiff to utilize, in violation of Section 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The convenience store items are located above the maximum reach range allowances making it difficult for the plaintiff to access them, in violation of Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Unisex Toilet Room

j. The trash receptacle is obstructing the water closet's 56 inches of perpendicular clearance from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

k. The flush control is not located on the open side of the water closet as required making it difficult for the plaintiff to utilize, in violation of section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

l. The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the plaintiff to reach, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

m. The storage container on top of the water tank obstructs the required 1½" of spacing below the rear wall grab bar making it difficult for the plaintiff to utilize, in violation of sections 604.5.2 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

n. The plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water supply lines being exposed and in need of insulation, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

### Fitness Center Accessible Unisex Restroom

o. The plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water supply lines being partially exposed and in need of being fully insulated, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

p. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

q. The storage shelves obstruct the water closet's minimum requirement of 60 inches of perpendicular clearance measured from the side wall making it difficult for the plaintiff to utilize, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

r. The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the plaintiff to reach, in violation of sections 305.3 and 305.6 of the 2010 ADA Standards, whose resolution is readily achievable.

s. The coat hooks are located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 603.4, 308.2.1, and 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

t. The hand pull of the baby changing table is located above the maximum 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of Sections 308.2 and 308.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Guest Room 310**

u. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

v. The bed is obstructing the minimum clear width of 32 inches for a length of 24 inches maximum to approach the window curtains' operable mechanism making it difficult for the plaintiff to utilize, in violation of section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

w. The desk does not provide the compliant knee clearance of 27 inches minimum above the finish floor to the bottom of the desk apron making it difficult for the plaintiff to utilize, in violation of section 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The hanger rod exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

y. The lavatory's cabinet obstructs the required knee clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

z. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

aa. The standard roll-in type shower does not provide a permanent folding seat as required in transient lodging making it difficult for the plaintiff to utilize, in violation of sections 806.2 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

bb. The standard roll-in type shower does not provide grab bars in the compliant locations when a seat is required making it difficult for the plaintiff to utilize, in violation of sections 806.2 and 608.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

cc. The shower spray unit does not have an on/off control with non-positive shutoff as required making it difficult for the plaintiff to utilize, in violation of section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

dd. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2, 309.3, and 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ee. The soap holder exceeds the maximum 48 inches above the shower floor making it difficult for the plaintiff to utilize, in violation of Sections 308.2 and 308.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ff. The coat hook is located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 603.4 and 308.2.1, and 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

.

9. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10. The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

7

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Wingate by

Windham to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

16. Plaintiff realleges all prior allegations as if fully set forth herein.

17. New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

18. For the purposes of the foregoing paragraph, "discriminatory practice" includes:

    A. A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

    B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

    C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

19. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

20. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

21. A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

22. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

23. Defendant's property is a place of public accommodation as defined in §40.

24. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

25. Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

26. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or

indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

27. Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated: October 27, 2022     Respectfully submitted,

*/s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Lfuller@fullerfuller.com

*Counsel for Plaintiff Helen Swartz*